UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| COMMAND ENERGY SERVICES | § | CASE NO. 20-30289-H3-7 |
| INTERNATIONAL, LTD., | § | |
| DEBTOR. | § | CHAPTER 7 |

### TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL

**Name of Trustee:** Randy W. Williams

**Name of Professional to be Employed:** Preston T. Towber of the Towber Law Firm PLLC

**Reason that Employment of Professional is Needed:** Assist Trustee in analyzing and collecting any nonexempt property of the bankruptcy estate, analyze secured claims and carve out issues for estate; assisting with Chapter 5 actions if deemed appropriate by Trustee and non-routine objections to claims

**Compensation Arrangement:** Hourly at $375.00 per hour

**Professionals Connection to the Case:** None other than set forth herein

**Reason the Trustee selected the Professional:** Preston T. Towber is economical to estate based on hourly rate and is results oriented; Trustee trusts the advice and legal counsel provided by Mr. Towber after successful representations in prior matters.

**TO THE HONORABLE EDUARDO RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Randy W. Williams, Chapter 7 Trustee of the bankruptcy estate of Command Energy Services International, Ltd. (the "Trustee"), and files this Application to Employ General Counsel (the "Application"), respectfully showing the Court as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1. Command Energy Services International, Ltd. (the "Debtor"), filed Chapter 7 bankruptcy on April 4, 2019. Randy W. Williams was appointed the Chapter 7 trustee.

2. The Trustee, via this Application, seeks to employ The Towber Law Firm PLLC ("TLF") as general counsel with Preston T. Towber to serve as the lead attorney. The Trustee

1

requires general counsel to, *inter alia*, assist Trustee in analyzing and collecting property of the bankruptcy estate, analyzing and initiating any contested matters or adversary proceedings deemed necessary by the Trustee; assisting with Chapter 5 actions if deemed appropriate by Trustee and non-routine objections to claims.

## LEGAL AUTHORITY

3. Section 327 of the United States Bankruptcy Code (the "Code") governs the Trustee's ability to hire professionals. Section 327(a) sets forth requirements that a professional to be employed by the estate possesses neither (1) an adverse interest nor (2) a conflict of interest. 11 U.S.C. § 327(a). Case law defines "adverse interest" as (1) the broad commercial and economic meaning of "adverse interest," and (2) possessing or asserting an economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. *In re Stephen Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012) (citing *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994)). The disinterested person standard is intended to prevent conflicts of interest related to the integrity of the person under consideration for employment. *Id.*

4. A trustee has wide latitude in selecting the legal counsel he or she wishes to employ (though bankruptcy court approval must be obtained). *In re Harold & Williams Development Co.*, 977 F.2d 906, 910 (4th Cir. 1992). The right to choose one's own attorney stems from the confidentiality of the attorney-client relationship and the position of trust held by one's counsel. *Kanter v. Robertson*, 102 F.2d 92, 93 (4th Cir. 1939).

5. Beyond meeting the standards set forth in 11 U.S.C. § 327, a trustee (whether employing her own firm or outside counsel) must satisfy certain factors as identified in Bankruptcy Rule 2014(a). Rule 2014(a) requires a trustee to address (1) the specific facts demonstrating the necessity for employing the attorney; (2) the name of the attorney the trustee wishes to hire;

2

(3) the reasons for selecting the attorney; (4) the professional services the attorney will provide; (5) any proposed fee arrangement; and (6) to the best of the Trustee's knowledge, all of the proposed attorney's connections with the debtor, the creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. FED. R. BANKR. P. 2014(a); *See In re Jackson*, No. 06-36268, 484 B.R. 141 (Bankr. S.D. Tex. 2012). Related to Rule 2014(a), this Court further implements the "*Bechuck* factors"—*i.e.*, a discussion of (1) how often the proposed attorney has undertaken the specific tasks proposed and (2) how successful the attorney has been in undertaking such tasks in the past. *Id.*

## APPLICATION OF IDENTIFIED STANDARDS

### 11 U.S.C. § 327(a) - TLF Does Not Have an Adverse Interest:

6. None of the "adverse interests" identified in *Jackson* (*i.e.*, an attorney representing both the debtor and the debtor's president, an attorney being a pre-petition creditor of the estate, and/or the attorney serving as an officer or director of the debtor) apply in the instant case. T L F does not possess nor will it assert any economic interest that tends to lessen the value of the debtor's estate or creates an actual or potential dispute in which the estate is a rival claimant. Based upon the foregoing, TLF possesses no adverse interest which bars its employment.

### 11 U.S.C. § 327(a) – TLF Is a Disinterested Party:

7. In the process of pursuing employment, TLF conducted a conflicts check related to the Debtor and all identified creditors. This conflicts check did not result in the identification of any T L F clients with interests that are materially adverse to the proposed representation in the instant case. Based upon the forgoing, TLF constitutes a disinterested party.

### Rule 2014(a) - Necessity for Employing the Specific Attorneys Identified:

8. The Trustee proposes to retain TLF with Mr. Towber to serve as lead counsel. The services of Mr. Towber are necessary to handle the pending bankruptcy matters. As referenced above, the anticipated work to be performed in the case includes the following:

    a. Assist Trustee in analyzing, collecting and liquidating any property of the bankruptcy estate,

    b. Assist Trustee in analyzing and drafting any pleadings relating to any contested matter or adversary proceeding, deemed appropriate by the Trustee,

    c. Analyze intercompany issues between affiliated Debtors and filing claims in their respective insolvency/bankruptcy cases,

    d. Prosecute non routine objections to claims, if necessary, and.

    e. Any other matter for which the Trustee seeks legal advice in this case

9. In the context of TLF's proposed employment, the Trustee has selected Mr. Towber (an attorney with over thirty years of experience) to serve as lead counsel as opposed to the other bankruptcy attorneys with less experience because Mr. Towber's hourly rate is reasonable in light of his extensive experience. The Trustee has also selected Mr. Towber as Mr. Towber's legal practice is focused on bankruptcy related issues and commercial/bankruptcy litigation.

10. As has been detailed in this Application, general bankruptcy counsel is required in order to perform the specific tasks detailed above, as well as the following that may arise:

    a. To assist the Trustee where necessary to collect amounts due the bankruptcy estate, and to negotiate and consummate non-routine sales of the assets of the Estate, including sales free and clear of liens, claims and encumbrances and to institute any necessary proceedings in regard thereto,

    b. Analyze intercompany issues between affiliated Debtors and filing claims in their respective insolvency/bankruptcy cases

    c. To institute non-routine objections to proofs of claim asserted against the Estate, and to prosecute all contested objection to proofs of claims asserted against the Estate,

4

d.     To institute and prosecute proceedings for extraordinary relief and to aid in the representation of Applicant in any litigation against Applicant in Applicant's official capacity.

e.     To analyze, institute and prosecute action regarding insider transactions and third party dealings.

f.     To analyze, institute and prosecute all contested matters in which counsel is necessary, including actions regarding recovery of property of the Estate.

g.     To analyze, institute and prosecute actions regarding avoidance of set-offs and avoidable transfers and any chapter 5 causes of action.

h.     To prepare for and to institute and prosecute an examination under Bankruptcy Rule 2004 and if necessary, in furtherance thereof, to institute and prosecute Motions to Compel Attendance and Removal of Persons for Examination under Bankruptcy Rule 2005.

i.     To file pleadings with the Court and to represent the Estate's interest in regard to any adversaries or contested matters.

Based upon the forgoing, the employment of TLF (with Mr. Towber as lead counsel) is justified and is necessary.

**Rule 2014(a) – Names of the Attorneys the Trustee Wishes to Hire:**

11. The Trustee desires to employ TLF with Mr. Towber as lead counsel.

**Rule 2014(a) – Reasons for Selecting the Specific Attorneys:**

12. Mr. Towber has over thirty years of experience practicing in bankruptcy court. The Trustee is familiar with the work previously performed by Mr. Towber. The Trustee trusts the quality of the work performed by Mr. Towber and his judgment. While there are a variety of bankruptcy attorneys in Houston, Texas, the hourly rate of such attorneys is likely substantially more. As such, it makes economic sense for the Trustee to seek approval to retain Mr. Towber. Mr. Towber can handle the bankruptcy issues present in the instant case as competently as many bankruptcy attorneys with more experience, and he can do so at a lower hourly rate.

13. Mr. Towber understands that TLF will not be compensated for services that the

Trustee is required to provide in the context of her ministerial and administrative duties.

14. Based upon the forgoing, the Trustee has identified specific and adequate reasons for the selection of TLF as attorney.

### Rule 2014(a) – Professional Services that the Attorneys Will Provide:

15. As previously identified in this Application, the anticipated work to be performed in the case includes the following:

    a. To assist the Trustee where necessary to collect amounts due the bankruptcy estate, and to negotiate and consummate non-routine sales of the assets of the Estate, including sales free and clear of liens, claims and encumbrances and to institute any necessary proceedings in regard thereto,

    b. Analyze intercompany issues between affiliated Debtors and filing claims in their respective insolvency/bankruptcy cases

    c. To institute non-routine objections to proofs of claim asserted against the Estate, and to prosecute all contested objection to proofs of claims asserted against the Estate,

    d. To institute and prosecute proceedings for extraordinary relief and to aid in the representation of Applicant in any litigation against Applicant in Applicant's official capacity.

    e. To analyze, institute and prosecute action regarding insider transactions and third party dealings.

    f. To analyze, institute and prosecute all contested matters in which counsel is necessary, including actions regarding recovery of property of the Estate.

    g. To analyze, institute and prosecute actions regarding avoidance of set-offs and avoidable transfers and any chapter 5 causes of action.

    h. To prepare for and to institute and prosecute an examination under Bankruptcy Rule 2004 and if necessary, in furtherance thereof, to institute and prosecute Motions to Compel Attendance and Removal of Persons for Examination under Bankruptcy Rule 2005.

    i. To file pleadings with the Court and to represent the Estate's interest in regard to any adversaries or contested matters

    j. Investigate and pursue litigation on the recovery of assets through

litigation or chapter 5 avoidance actions.

k. Prosecute non routine objections to claims, if necessary.

l. Any other matter for which the Trustee seeks legal advice in this case

### Rule 2014(a) – Proposed Fee Arrangement:

16. TLF has proposed compensation on an hourly basis of $375.00 per hour. Applicant believes this is below the rate charged by other attorneys in this District with 30 years of bankruptcy experience.

17. Based upon the forgoing, the Trustee has adequately identified the proposed fee arrangement by which the estate will compensate TLF.

### Rule 2014(a) – People with Connections to the Debtor, the Creditors, or Any Other Party in Interest:

18. In the process of pursuing employment in the captioned estate, TLF conducted a conflicts check related to the Debtors and all identified creditors. This conflicts check did not result in the identification of any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than TLF has been retained by Mr. Williams in other chapter 7 cases unrelated to this case and JPMorgan Chase Bank, N.A., in matters unrelated to this case. TLF has also had lunch with Mr. Williams, sent a holiday gift of less than $50.00 and attended Astros baseball games with Mr. Williams. Mr. Towber has represented Allison D. Byman, Mr. Williams law partner as chapter 7 Trustee in other bankruptcy case.

19. Based upon the forgoing, TLF has demonstrated that no connections exist barring its employment. *See also* **Exhibit "A"** to this Application.

### *Bechuck* Factor No. 1 – How Successful the Proposed Attorneys Have Been in Undertaking Such Tasks in the Past:

7

20. Mr. Towber has extensive experience litigating and settling contested matters and adversary proceedings in Bankruptcy Court. Mr. Towber has represented Janet Casciato Northrup in the LaCresha and Kenneth Spence, Case No. 07-32004, which is substantially similar to the issues at hand with the mass tort settlement in this case.

21. Mr. Towber has also been involved in litigating and/or settling lien disputes and claim disputes. Mr. Towber has recently settled a contested matter in Case No. 15-35448, In re Mettler, wherein the estate received funds from certain assets that were transferred to insiders of the Debtor. Applicant litigated a 727/523 action in Adversary No. 14-3296, Bank of the West v McCarble, from March through September 2016 which resulted in a settlement being reached.

22. Mr. Towber has demonstrated that he not only can settle cases, but has experience in actually litigating issues if settlement is not in the client's best interest.

23. Based upon the forgoing, the Trustee has demonstrated that Mr. Towber has been successful in undertaking work that is similar to that contemplated in the instant case.

**_Bechuck_ Factor No. 2 – How Often the Proposed Attorneys Have Undertaken the Specific Tasks Proposed:**

24. Throughout his 30 years of practice, Mr. Towber has represented trustees sporadically during this time period. Mr. Towber now represents Randy Williams, Trustee in the case of *Syed Mohiuddin*, Case No. 15-34752, as general counsel assisting special counsel in their attempts to recover assets for the estate. Mr. Towber has also been involved in seeking approval of settlements, sales of assets and auctions throughout his professional career. Mr. Towber is considered a seasoned bankruptcy attorney who has the experience to perform the tasks required in this case.

25. The information provided in this Application is sufficient to demonstrate that Mr. Towber's skills are sufficient to enable him to undertake the proposed representation.

26. Based upon the forgoing, the Trustee has demonstrated that the proposed lead attorney has undertaken work that is similar to that contemplated in the instant estate with the required frequency and rate of success.

WHEREFORE PREMISES CONSIDERED the Trustee requests that he be authorized to employ and appoint, effective January 28, 2020, the Towber Law Firm PLLC, to represent the Trustee in this case under Chapter 7 of the Bankruptcy Code. The Trustee requests such other and further relief as is just.

Respectfully submitted,

RANDY W. WILLIAMS, CHAPTER 7 TRUSTEE

*Randy W Williams, by permission Preston Towber*
Randy W. Williams, Chapter 7 Trustee for
Command Energy Services International, Ltd., Case
No. 20-30289
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland TX 77581
Tel: (281)884-9262
Email: rww@bymanlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Application has been served to the United States Trustee, by ECF notification on this the 30th day of January, 2020 as it is allowed to be submitted *ex parte* under BLR 9003.

/s/ Preston T. Towber
Preston T. Towber

9