## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **COMMAND ENERGY SERVICES** | § | **CASE NO. 20-30289-H3-7** |
| **INTERNATIONAL, LTD.,** | § | |
| DEBTOR. | § | **CHAPTER 7** |

### <u>AFFIDAVIT OF PROPOSED ATTORNEYS</u>

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

**BEFORE ME,** the undersigned authority, personally appeared Preston T. Towber, who, upon being duly sworn, deposed and stated as follows:

1.      I am the sole member and owner in the professional limited liability company of The Towber Law Firm PLLC ("The Towber Law Firm" or the "Firm"), a law firm whose office is located at 1111 Heights Boulevard, Houston, Texas 77008.  I am duly admitted to practice in the State of Texas and State of New York, and the United States District Court for the Southern Districts of Texas.  This Affidavit is submitted in support of the Application To Employ Counsel Towber Law Firm PLLC as General Attorneys for the Chapter 7 Trustee (the "Application"), filed by Randy W. Williams, Chapter 7 Trustee (the "Trustee").  Except as otherwise noted, I have personal knowledge of the facts set forth herein (a portion of which is based upon a review of The Towber Law Firm records) and am competent to testify herein.

2.      Neither I, the Firm, nor any member, shareholder, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Trustee, the Debtor, their creditors, any other parties-in-interest, their respective attorneys and accountants, the United

**EXHIBIT A**

States Trustee, or any person employed in the office of the United States Trustee, other than Mr. Towber is representing and has represented Applicant as Trustee in other chapter 7 cases and represented and was Of Counsel in Goforth Lewis & Williams, where the Trustee was a named partner, over 10 years ago. Applicant also represents JPMorgan Chase Bank, N.A. in matters unrelated to the Debtor and its bankruptcy case. Applicant has paid for Mr. Williams' lunch and invited him to an Astros game last year. In addition, Applicant does trustee work for Allison D. Byman, who is partners with Mr. Williams since January 1, 2019 in Byman & Associates, PLLC.

3.      The Towber Law Firm is a commercial litigation and bankruptcy firm with experience and expertise in all facets of bankruptcy, corporate reorganizations and litigation. The Towber Law Firm's appearance before this Court for the matters in this Chapter 7 case has been and will continue to be efficient and cost effective for the bankruptcy estate.

4.      In my opinion, based upon currently known facts, The Towber Law Firm is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Firm, its members, counsel and associates:

a.      are not creditors, equity security holders, or insiders of the Debtor;

b.      are not and were not investment bankers for any outstanding security of the Debtor;

c.      have not been, within three (3) years before the date of the filing of the Chapter 7 petition against the Debtor (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

d.      are not and were not, within two (2) years before the date of the filing of the Chapter 7 petition against the Debtor, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

e.      do not have an interest materially adverse to the interest of the bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to,

2

**EXHIBIT A**

connection with, or interest in, the Debtor or an investment banker specified in the subparagraph (b) or (c) of this paragraph, or any other reason.

5.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, neither the Towber Law Firm nor the undersigned holds or represents an interest adverse to the bankruptcy estate. The Law Firm has not been retained to assist any entity or person other than the Trustee in matters relating to, or in connection with this Bankruptcy Case. If the Court approves the Law Firm's proposed employment by the Trustee, the Law Firm will not accept any engagement of perform any service, in connection with the Bankruptcy Case, other than for the Trustee.

6.      Further, Affiant represents that the Law Firm will serve as counsel for the Trustee in the Bankruptcy Case, effective January 28, 2020, to perform the necessary professional services listed below:

a.      To assist the Trustee where necessary to collect property of the bankruptcy estate and all amounts due the bankruptcy estate, and to negotiate and consummate non-routine sales of the assets of the Estate, including sales free and clear of liens, claims and encumbrances and to institute any necessary proceedings in regard thereto,

b.      Analyze intercompany issues between affiliated Debtors and filing claims in their respective insolvency/bankruptcy cases

c.      To institute non-routine objections to proofs of claim asserted against the Estate, and to prosecute all contested objection to proofs of claims asserted against the Estate,

d.      To institute and prosecute proceedings for extraordinary relief and to aid in the representation of Applicant in any litigation against Applicant in Applicant's official capacity.

e.      To analyze, institute and prosecute action regarding insider transactions and third party dealings.

**EXHIBIT A**

f.  To analyze, institute and prosecute all contested matters in which counsel is necessary, including actions regarding recovery of property of the Estate.

g.  To analyze, institute and prosecute actions regarding avoidance of set-offs and avoidable transfers and any chapter 5 causes of action.

h.  To prepare for and to institute and prosecute an examination under Bankruptcy Rule 2004 and if necessary, in furtherance thereof, to institute and prosecute Motions to Compel Attendance and Removal of Persons for Examination under Bankruptcy Rule 2005.

i.  To file pleadings with the Court and to represent the Estate's interest in regard to any adversaries or contested matters

j.  Assisting the Trustee in liquidating any asset, commencing any adversary proceeding or contested matter deemed advisable by the Trustee;

k.  Any other matter for which the Trustee seeks legal advice in this case.

7.  A diligent effort has been made to identify all other engagements for which disclosure is necessary or appropriate. The Towber Law Firm will supplement this disclosure, as necessary, in the event more information is discovered or otherwise becomes available.

8.  The Towber Law Firm intends to apply for compensation for professional services rendered in connection with this Chapter 7 case, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by The Towber Law Firm, subject to approval of this Court. The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates (applicable to this type of engagement) are:

a.  Preston T. Towber, Of Counsel $375 per hour

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. From time to time, other attorneys and paralegals from The Towber Law Firm may serve the Trustee in connection with the matters herein described.

4

**EXHIBIT A**

9.      These rates are set at a level designed to fairly compensate The Towber Law Firm for the work of its attorneys and assistants and to cover fixed and routine overhead expenses. It is the Firm's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research, and certain non-ordinary overhead expenses, such as secretarial and other overtime. The Towber Law Firm will, subject to Bankruptcy Local Rules to the contrary, charge the bankruptcy estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

10.     No promises have been received by The Towber Law Firm or any member, shareholder, counsel or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Towber Law Firm has no agreement with any other entity to share with such entity any compensation received by The Towber Law Firm in connection with this Chapter 7 case.

Signed: January 28, 2020.



Preston T. Towber

## VERIFICATION

**SUBSCRIBED** and **SWORN** to before me, the undersigned authority, on January 28, 2020.

SHERILYN KESMAN
Notary Public in and for The State of Texas

SHERILYN KESMAN
Notary Public, State of Texas
Comm. Expires 08-22-2021
Notary ID 129451001

5

**EXHIBIT A**